UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY R. HOAG,
    Plaintiff,

v.

CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,
    Defendant.

CIVIL ACTION NO.
3:05cv1185 (SRU)

## RULING and ORDER

On July 11, 2005, Nancy Hoag commenced this action in Connecticut Superior Court, alleging work-place discrimination and other related claims. On July 25, 2005, Cellco Partnership ("Cellco") removed the case to this court. On March 21, 2006, about eight months after removal, Hoag filed a demand for a jury trial. *See* doc. #24. The parties have filed, in effect, cross motions, asking me to decide the question whether to exercise my discretion to permit Hoag's demand for a jury trial, even though it is untimely. For the reasons that follow, Cellco's Motion to Strike Plaintiff's Jury Demand is denied, and Hoag's Motion for Trial by Jury is granted.

Because this case was removed, Rule 81(c) applies. *See Higgins v. Boeing Co.*, 526 F.2d 1004, 1006 (2d Cir. 1975). Rule 81(c) provides:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed . . . . A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so . . . .

Here, the case was removed before Cellco filed its answer; thus, "all necessary pleadings" had

not been served prior to removal. None of the other provisions of Rule 81(c) apply. *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir. 1983). Accordingly, the deadline for filing a jury demand became subject to Rule 38. Rule 38 requires the plaintiff to file a jury demand within 10 days after the pleadings are closed. Cellco filed its answer on September 1, 2005, thereby closing the pleadings. Hoag did not file her jury demand within 10 days, and thus, her jury demand is untimely.

Under the Federal Rules, I have discretion to permit Hoag to file her jury demand out of time. Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." One commentator has noted that the court "ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2334 at 189 (2d ed. 1994); *see also Cascone*, 702 F.2d at 392 ("In the removed case, the interpretation of Rule 39(b) espoused by Professors Wright and Miller has substantial appeal.").

Although the Second Circuit has held that "'mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b) [, and]' . . . . [o]nly a 'showing *beyond* mere inadvertence would justify Rule 39(b) relief,'" *see Raymond v. International Business Machines Corp.,* 148 F.3d 63, 65 (2d Cir. 1998) (quoting *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (1967) (emphasis in original)), that rule should be relaxed in removed cases. *See Cascone*, 702 F.2d at 392. "[T]here is . . . some 'play in the joints' for

accommodating a removed party who may not be as at ease in the new surroundings imposed upon him." *Id.* Thus, "[i]n removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong." *Id.*

In addition, in determining whether to exercise my discretion to order a jury trial, it is proper to consider whether the case involves an issue typically tried by a jury (i.e., personal injury lawsuit), whether the parties had operated under the assumption that the case would be tried by a jury even though the demand was not properly made, as well as plaintiff's counsel's familiarity with state court practice versus federal court practice. *Cascone*, 702 F.2d at 392-93. This case involves claims for a personal injury based on discrimination and related conduct; thus, it is a matter typically tried by a jury. *See id.* In addition, although Hoag's jury demand was untimely, it is not clear whether the parties assumed the case would be tried by a jury or the court. In either case, no trial date has been set, and dispositive motions have not even been fully briefed. Whatever the parties' assumptions, therefore, there is little prejudice to Cellco in granting Hoag's motion for a jury demand, because trial in this case is likely to be a several months away, at the earliest, thereby giving the parties time to adapt. Finally, Hoag chose to bring this action in state court, not federal court. Plaintiff's counsel is unfamiliar with the practices and procedures in federal court, and certainly does not seem to "be at ease" in the federal court setting. *See* Memorandum in Support of Motion for Trial by Jury at 2-3. Although counsel should not be excused from complying with federal rules of procedure, *see Cascone*, 702 F.2d at 392, counsel's unfamiliarity with federal court gives me a bit more "play in the joints" in terms of exercising my discretion under Rule 39(b). *See id.*

In sum, Hoag has shown more than "mere inadvertence" of counsel in failing to make a

timely jury demand, because: (1) This is a removed case; (2) Counsel is unfamiliar with federal court procedure; (3) The merits of this case are typically tried before a jury; and (4) Even if the parties did not assume the case would be tried by a jury, there is no prejudice in ordering a jury trial at this stage, since we have not even set a trial date. *See Cascone*, 702 F.2d at 392-93. Thus, I am exercising my discretion under Rule 39(b) to order a jury trial of all issues.

In addition, I grant Hoag's motion for a trial by jury based on my discretion under Rule 6(b)(2) of the Federal Rules of Civil Procedure. Rule 6(b)(2) provides that "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." "'Excusable neglect' under Rule 6(b) is a somewhat elastic concept," and is "at bottom an equitable [doctrine]." *Raymond*, 148 F.3d at 66. Even "mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Id.* Thus, it is possible that a movant would fail under the "beyond mere inadvertence" test of Rule 39(b), yet succeed under Rule 6(b). That is because Rule 6 gives judges discretion to extend "any time requirement found anywhere in the rules unless *expressly* excepted."[1] *Id.* Because Rule 39(b) is not expressly excepted, the Supreme Court has noted that Congress intended Rule 6(b) to apply to the time requirements regarding the filing of a jury demand. *Id.*

In deciding whether the circumstances of a particular case constitute "excusable neglect," courts should consider "all relevant circumstances surrounding the party's omission, including

---

[1] Rule 6(b)(2) expressly excepts certain rules from its purview, but it does not exclude Rules 38 or 81.

prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id.* (internal quotations omitted). As discussed above, although the delay was approximately eight months, Cellco has suffered no apparent prejudice. There is also no evidence that Hoag acted in bad faith; rather, the reasons for the delay appear to be principally due to the removal of the case, combined with counsel's unfamiliarity with federal court procedure, as well as counsel's difficulties understanding the court's electronic filing system.

Therefore, I find that, pursuant to Rule 6(b)(2), Hoag has demonstrated "excusable neglect." On that basis, I grant Hoag's jury demand, even though the demand was late.

Cellco's Motion to Strike Plaintiff's Jury Demand (**doc. # 25**) is **DENIED**. Hoag's Motion for Trial by Jury (**doc. #27**) is **GRANTED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 15th day of February 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge